## In re G. L. MILLER & CO., Inc.

### Claim of HARRINGTON.

District Court, S. D. New York. July 6, 1929.

MACK, Circuit Judge. Petitioner filed proof of claim within six months of the

bankruptcy, alleging the indebtedness of the bankrupt to him as per statement thereto annexed. The annexed statement, stated to be "a statement of claims of John Harrington against G. L. Miller & Co." begins: "Certificate No. 50, 10 shares of the 8% cumulative participating preferred stock of G. L. Miller & Co., Inc., dated October 1, 1925, of the par value of $100.00 per share, amounting in the aggregate to the sum of $1,000.00."

In addition the statement sets out the amounts of several bonds of third parties. No mention of G. L. Miller & Co. is made in reference to these bonds, but in fact, as the court knows from the proceedings in this cause, each of them is a bond in an issue made through the bankrupt, but without personal obligation of the bankrupt thereon.

A year and a half after the filing of the claim an amendment was sought to be filed. Leave to file this amendment was denied by the referee in bankruptcy. Petition before me is to review his holding in this respect. In addition thereto, the objections to the claim as filed are brought before me for hearing in connection with the petition to review and by stipulation of the parties, both matters were heard jointly, as one matter, to enable a final determination if possible to be made in respect to the claim.

In my judgment the referee was right in his holding denying leave to amend the claim, and his holding in that respect is confirmed. I do not so hold, however, in the exercise of a discretion, because, if discretion were vested in the court in this respect, leave to amend would be granted. The referee held as he did and I confirm his holding, because as a matter of law, in my judgment, an amendment of this kind is the statement of an entirely new cause of action, and as such cannot be filed after the expiration of six months from the filing of the petition in bankruptcy. The filed claim as such is entirely without merit. The purchaser of a bond of a third person does not become a creditor of the vendor under ordinary circumstances, and nothing appears in the claim which is asserted now to change that situation. It is conceded for the purpose of this hearing that there is no claim against the bankrupt on account of the bonds.

As to the shares of stock, the claim on the face of it asserts that a corporation is a debtor to its preferred stockholders. That, of course, is not the legal result of a stock subscription.

It is contended further that some meaning must be given to the claim, and that if, under any conceivable circumstances, a debt could arise because of the purchase of preferred stock in the bankrupt company from the bankrupt, the claim must be deemed in some way to be based thereon. It is further contended that if, as alleged in the proffered amendment, the purchase was induced by the fraudulent representations of the bankrupt, then on rescission the bankrupt became indebted to the defendant in the amount of the purchase price to avoid unjust enrichment. It is further contended that, as this is the only conceivable basis of the claim, it must be deemed to be the actual basis, and that the proffered amendment, therefore, is but a fuller exposition of the alleged false representations.

The difficulty that I find with this contention is that a defrauded purchaser of stock has an election to retain his stock and to sue for fraud, or to rescind the transaction and recover back the amount paid. To become a creditor on the basis of rescission there must be some evidence of an election to rescind. It might be that filing of a claim of this kind would under some circumstances evidence such an election. But in the present case it is entirely clear from the affidavits that the knowledge of the alleged fraud and the determination to rescind because thereof arose long after the six-months period had expired; that, whatever the petitioner may have thought at the time that he filed his claim, he did not then assert, or intend to assert, a rescission based upon the fraud. In these circumstances, it would be a pure fiction to treat the claim itself as an election to rescind, and that regardless of any possible difficulty that might arise in permitting a claim based upon a rescission made after the bankruptcy, and even within the six months, to be deemed a debt provable in the bankruptcy proceedings.

Such claims have frequently been allowed, but it is stated by counsel that the matter has not been expressly determined after argument. I assume, however, for the purposes of this case, that if the rescission had been made within the six months it would have related back to the beginning of bankruptcy, and the claim would then have been a valid one, subject possibly to the prior claims of ordinary creditors.

It follows, therefore, that the amendment, even if allowed, would have been filed too late to be a debt provable in these proceedings. The determination of the referee refusing to permit the amendment to be filed is confirmed, and with such confirmation the claim itself is without substance, and on the objections thereto must be dismissed.