65 F.2d 82 (1933)
In re HOTEL ST. JAMES CO.
LACOE
v.
DE LONG et al.
No. 7025.
Circuit Court of Appeals, Ninth Circuit.
May 11, 1933.
*83 Hillyer & Boldman, of San Diego, Cal., for appellant.
Glen H. Munkelt, of San Diego, Cal., for appellees De Long, Phelps, and Held, Trustees.
Craig & Weller, of Los Angeles, Cal. (Thomas S. Tobin, of Los Angeles, Cal., of counsel), for appellees Davidson's, Inc., and Moore.
Before WILBUR, SAWTELLE, and MACK, Circuit Judges.
MACK, Circuit Judge.
About six weeks after expiration of the statutory period for filing claims in bankruptcy (Bankr. Act § 57n, as amended, 11 USCA § 93 (n), appellant, holder of bonds issued by bankrupt, presented a so-called "amended claim" for a deficiency on his bonds remaining after the sale of the property which had been conveyed in trust to secure the entire issue. In the same document, he sought to recover rents and profits of the mortgaged property, collected by the receiver and by the trustee in bankruptcy between adjudication in April, 1930, and the sale in November, 1930. On objection by the trustee in bankruptcy and by a creditor of the estate, the referee disallowed both claims. This appeal is from the order of the District Court affirming the referee.
1. Claim for deficiency.
It is well settled that a claim informally made within the statutory period, may be perfected thereafter by amendment. The question here is whether or not anything was done prior to the expiration of the period, which can be deemed the making of a claim against the bankrupt estate, however informally, and which therefore may serve as a basis for amendment. Appellant relies, for this purpose, on a petition filed in the bankruptcy court in May, 1930, for leave to sell the mortgaged premises under the trust indenture, and the court order granting the petition.
In our view of the case, it is unnecessary to consider the objection made to amendment, that inasmuch as the petition for leave to sell was filed not by the bondholders, but by the trustee under the trust indenture, it cannot in any event be deemed a claim of a creditor. On this question see the writer's opinion, In re International Match Corp., 3 F. Supp. 445 (September 7, 1932), and authorities there collected; note (1932), 46 Harv. L. Rev. 309; see, too, Spitz v. Fox Metropolitan Playhouse, Inc., 3 F. Supp. 606 (D. C. S. D. N. Y., April 17, 1933, Judge Caffey).
It is sufficient to hold that here no basis for amendment is shown. Unlike the letter in Re Patterson-MacDonald Shipbuilding Co., 293 F. 190 (C. C. A. 9, 1923), there is not the slightest indication that the petition was intended as a claim against the bankrupt estate. It was no more than it purported to be, a petition, necessarily addressed to the bankruptcy court, since the mortgaged premises were then under its control and in the possession of its receiver, for leave to sell.
As the court well said in Re Thompson, 227 F. 981 (C. C. A. 3, 1915): "Much liberality has been shown by the courts in permitting imperfect claims and proofs of claim to be put into proper form after the statutory period has expired, but we are advised of no decision that runs counter to the positive language of the act and permits a claim that is wholly new to be presented after the limitation has run. In some form the substance of a claim must have been made within the proper time, but if this has been done amendments may be made afterward. Whether formal or informal, a claim must show (as the word itself implies) that a demand is made against the estate, and must show the creditor's intention to hold the estate liable. And this is especially the duty of a secured creditor, who has the choice (if his security be not also a preference) of relying upon the security and thereby giving up all or a part *84 of his claim upon the estate. This he will be sure to do, if the security be sufficient to pay the whole debt; and, even if it will only pay the debt in part, he will probably apply the security as far as possible and hold the estate for the remainder only. But his election to pursue the estate must be made in accordance with the act; otherwise, he will be confined to his security." (Page 983 of 227 F.)
See, too, In re Ragan, 2 F.(2d) 785 (C. C. A. 1, 1924), certiorari denied, 267 U. S. 599, 45 S. Ct. 354, 69 L. Ed. 807 (1925); In re G. L. Miller & Co. (D. C.) 35 F.(2d) 966, affirmed 35 F.(2d) page 968 (C. C. A. 2, 1929); In re G. L. Miller & Co., 45 F.(2d) 115 (C. C. A. 2, 1930); In re Silk, 55 F.(2d) 917, 918 (C. C. A. 2, 1932). We have considered In re Kessler, 184 F. 51 (C. C. A. 2, 1910), and other cases cited by appellant; in all of them, though the basis for amendment was informal, the intention to assert a claim was present. We have found no case, except perhaps Cotton v. Bennett, 59 F.(2d) 373 (C. C. A. 4, 1932), in which mere notice of security interest in bankrupt's property served without more, as basis for amendment; and even in the Bennett Case there is some indication that the creditor, in giving such notice, did intend to assert a claim.
The present situation is entirely different from that in which one filing a claim as a secured creditor when found not to be such, is allowed to amend so as to participate as a general creditor.
2. Claim for rents and profits.
One reason assigned by the referee for disallowance of this claim was that like the general claim for deficiency it was filed after the statutory period had expired. In this respect the referee erred. This is a claim for specific money collected by receiver and trustee and alleged to belong to appellant, not a claim against the bankrupt. See Mortgage Loan Co. v. Livingston, 45 F.(2d) 28, at page 34 (C. C. A. 8, 1930). It therefore is not subject to the six-month limitation.
The disallowance, however, was proper on other grounds. The trust indenture provided:
"If one or more of the events of default shall happen, the Trustee * * * shall enter * * * and take * * * possession of the trust estate, * * * and may * * * operate * * * the estate, and conduct the business thereof to the best advantage of the holders of the bonds secured hereby. * * *
"The Trustee shall be entitled to the appointment of a receiver of the trust estate and of the earnings, rents, dividends, income, interest and profits thereof. * * *"
No attempt was made by bondholders, or trustee under the trust deed, to take possession before bankruptcy or to have a receiver appointed specifically for their benefit. No petition was addressed to the bankruptcy court to direct the general receiver, or the trustee, to sequester the rents and profits, as in Mortgage Loan Co. v. Livingston, supra; no claim to the rents was made until after the sale.
In such circumstances the second circuit, In re Brose, 254 F. 664 (1918), has held that the mortgagee is not entitled to the money. After quoting at page 666 of 254 F. from Freedman's Saving & Trust Co. v. Shepherd, 127 U. S. 494, 8 S. Ct. 1250, 32 L. Ed. 163 (1888):
"`The general rule is that the mortgagee is not entitled to the rents and profits of the mortgaged premises until he takes actual possession, or until possession is taken, in his behalf, by a receiver, * * * or until, in proper form, he demands and is refused possession,'" the court continued: "This general rule the federal courts will follow, except in cases where it appears that the law of the state where the premises are situated applies a different rule."
The court found that such was the rule in New York. So it is in California. 17 Cal. Jur. § 288, page 1013; Freeman v. Campbell, 109 Cal. 360, 42 P. 35 (1895); Simpson v. Ferguson, 112 Cal. 180, 40 P. 104, 44 P. 484, 53 Am. St. Rep. 201 (1896). And a trust deed in California gives no greater right to possession, and thus rents, than does a mortgage. 25 Cal. Jur. § 29, page 41; 17 Cal. Jur. § 25, page 721. Cases in other courts are collected in notes, 4 A. L. R. 1405, 1410; 55 A. L. R. 1020, 1022.
Without citing In re Clark Realty Co., 234 F. 576, in which, in 1916, the Seventh Circuit Court of Appeals denied the mortgagee's right to such rents, that court, in 1931, in Re Wakey, 50 F.(2d) 869, 871, 75 A. L. R. 1521, reached the opposite conclusion. We cannot concur therein or in the statement that while the facts in the Livingston Case, supra, "are not in all respects similar * * * the principle involved is the same." In the Livingston Case, foreclosure was commenced before bankruptcy, and, as the court said, would have given the mortgagee possession, but for the bankruptcy, two days after the petition in *85 bankruptcy was filed. Moreover, immediately upon the appointment of the receiver in bankruptcy, the mortgagee requested sequestration of the rents, to which the receiver assented, and repeatedly thereafter asked leave to continue the enjoined foreclosure. Cases pro and con in controversies between mortgagee and the receiver or trustee in bankruptcy are collected in 75 A. L. R. 1526, annotating the Wakey Case.
3. Our conclusions with respect to the above questions render unnecessary a consideration of the other points briefed and argued.
Order affirmed.