### In re McCOY MANAGEMENT SERVICES, INC., Debtor.

**Bankruptcy No. 4–82–00215.**

United States Bankruptcy Court, W.D. Kentucky.

Nov. 19, 1984.

Steven S. Crone, Bamberger & Abshier, Owensboro, Ky., for debtor.

John A. Pax, Greenville, Ky., for Wetterau, Inc.

## MEMORANDUM OPINION

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

The question of what constitutes an actual or constructive proof of claim, when viewed within the broad scope of federal bankruptcy law and the practicalities of insolvency, would seem to be an issue of only micronic dimension. Yet upon such a question turns, in this case, an actual cash value of over $60,000 in distributions to be made under a Chapter 11 reorganization plan. We will outline the facts before exploring the issue.

On May 28, 1982, Curtis D. McCoy, Jr., Mina C. McCoy and McCoy Management Services, Inc. [the debtors] filed for reorganization under Chapter 11 of the Bankruptcy Code. Wetterau, Inc., the plaintiff in this action, was not listed as a creditor by the debtors in any of their bankruptcy schedules.

On September 7, 1982 the debtors entered into an agreed order with Morgantown Deposit Bank and First National Bank of Louisville to terminate the automatic stay and allow the two banks to take possession of property[1] in which they had a security interest. Wetterau, Inc. learned of this agreed order and, claiming a security interest in part of the property covered by the order, promptly filed a motion to have the agreed order set aside.

In October of 1982, the motion to set aside the agreed order was argued before this court. We held that the lifting of the stay was not a "substantive adjudication of rights"[2] and that Wetterau, Inc. was free to proceed against the banks in the Kentucky Courts.[3] Our order had the practical effect of inviting Wetterau into a three-party lien priority dispute to be waged elsewhere.

On September 23, 1983, in the ordinary course of administration of the Chapter 11 proceeding, this court entered an order which set November 30, 1983, as the last day for filing proofs of claim against McCoy. Wetterau, Inc. did not file a formal proof of claim until January 24, 1984.

\*   \*   \*   \*   \*   \*

The case presents two issues involving the filing of proofs of claim. One is simple and can be decided in summary fashion. The other, however, poses a question that by comparison makes the fabled Gordian Knot look like a piece of yarn tangled by a mischievous kitten.

■ The initial issue is whether to grant Wetterau's motion to permit a late filing of a proof of claim. Rule 9006(b) of the Federal Rules of Bankruptcy Procedure governs the late filing of proof of claims in Chapter 11 cases and provides in pertinent part:

---

1. The property in question is merchandise supplied by Wetterau, Inc., to a business operated by the debtors, Sav-On Food Center of Kentucky, Inc., d/b/a Morgantown IGA Foodliner. Sav-On, Inc. has never filed for bankruptcy. See also note 15, *infra*.

2. *Hearing on an objection to an agreed order in the case of In re McCoy Management,* October 19, 1982 at p. 12.

3. *See Generally In re Dr. C. Huff Co., Inc.,* 44 B.R. 129 (Bkrtcy.W.D.Ky.1984).

Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion ... (2) on motion made after the expiration of the specified period permit the act to be done *where the failure to act was the result of excusable neglect.* [emphasis added][4]

The standard of "excusable neglect" is flexible and subject to interpretation by the trier of fact in each instance.[5]

In the instant case the plaintiff was aware of the debtors' bankruptcy over a year before the final day for filing proofs of claim. It chose not to file a proof of claim under the belief that the entity with which they dealt was not in bankruptcy and that there was no need to file a claim against the debtor. It is a clearly established rule of bankruptcy law that when a party fails to timely file a proof of claim due to "a chosen course of action and the circumstances were within the party's reasonable control, [then] the courts will not offer relief from the choice taken".[6] Therefore we hold that Wetterau has failed to meet the burden of demonstrating excusable neglect under the facts of this case.

The remaining and more difficult issue is whether Wetterau's motion to set aside an agreed order and attached security agreement and filing statement constitute an informal proof of claim which may be perfected by amendment.[7] The Rules of Bankruptcy Procedure, Rule 3001, offer little guidance as to what constitutes a valid proof of claim.[8] However, a significant body of case law, developed under the previous Rules of Bankruptcy Procedure, defined what was required for an "informal" or "constructive" filing of a proof of claim.[9] The reasoning of this body of case-law applies with equal force to the present set of bankruptcy procedural rules.[10]

Courts have interpreted the Bankruptcy Code and its rules of procedure to require five elements in order for an informal proof of claim to be valid and amendable:

1). the proof of claim must be in writing;

2). the writing must contain a demand by the creditor on the debtor's estate;

3). the writing must express an intent to hold the debtor liable for the debt;

4). the proof of claim must be filed with the Bankruptcy Court; and

5). based on the facts of the case, it would be equitable to allow the amendment.[11]

**4.** Federal Rules of Bankruptcy Procedure 9006(b).

**5.** *In re O.P.M. Leasing Services, Inc.,* 35 B.R. 854, 866 (Bkrtcy.S.D.N.Y.1983); *In re Manning,* 4 B.C.D. 304, 305 (Bkrtcy.D.Conn.1978).

**6.** *In re O.P.M. Leasing Services, Inc.,* 35 B.R. at 867; *In re Gem Rail Corp.,* 12 B.R. 929, 931–32 (Bkrtcy.E.D.Pa.1981).

**7.** *See Lacoe v. Delong,* 65 F.2d 82, 83 (2d Cir. 1933); *In re Evanston Motor Co., Inc.,* 26 B.R. 998, 1000 (N.D.Ill.1983). The question of whether there has been an informal filing of a proof of claim is factual. Therefore our findings on this issue are subject to the "clearly erroneous" standard of review. *In re Visiting Home Services, Inc.,* 643 F.2d 1356 (9th Cir. 1981), *Matter of Hammons,* 614 F.2d 399 (5th Cir.1980).

**8.** Rule 3001(a) of the Federal Rules of Bankruptcy Procedures states that "a proof of claim is a written statement setting forth a creditor's claim [and that it] shall conform substantially to Official Form No. 19". *See In re Guardian Mortgage Investors,* 15 B.R. 284, 285 (M.D.Fla. 1981).

**9.** *Hutchinson v. Otis,* 190 U.S. 552, 555, 23 S.Ct. 778, 779, 47 L.Ed. 1179 (1903); *Sun Basin Lumber Co. v. United States,* 432 F.2d 48, 49 (9th Cir.1970); *In re Gibraltor Amusements, Ltd.,* 315 F.2d 210, 213 (2d Cir.1963); *In re Faulkner,* 161 F. 900 (8th Cir.1908). *See Generally In re Evanston Motor Co. Inc.,* 26 B.R. at 1000–02.

**10.** *In re Modular Engineering Corp.,* 41 B.R. 52 (Bkrtcy.S.D.Tx.1984).

**11.** *See Generally In re Evanston Motor Co. Inc.,* 26 B.R. at 1004; *In re Alsted Automotive Warehouse Inc.,* 16 B.R. 924, 425 (Bkrtcy.E.D.N.Y. 1982). *In re Guardian Mortgage Investors,* 15 B.R. at 285 *See also Hoos & Co. v. Dynamics*

These requirements are not *stricti juris* in the sense that any minor deviation will be fatal to the claim. They merely state broad general guidelines, judicially formulated, which must be followed if a claim is to be allowed. All claims in bankruptcy, we keep in mind, must be liberally construed.[12]

In the case at bar, the court is of the opinion that the debtor's motion and accompanying documents meet both the statutory[13] and the case law requirements for an informal, amendable proof of claim. First, Wetterau's motion to set aside an agreed order itself fulfills the writing requirement. The motion and its documents were properly filed with the court on September 22, 1982, fourteen months prior to the bar date for proofs of claim. The motion contained a demand upon what was still property of the debtor's estate (i.e. the property it was attempting to turn over to two creditor banks by agreed order). Wetterau's motion and attached documents also clearly indicated that it intended to hold the debtor liable for the debt in the event the collateral was insufficient to satisfy the debtor's obligation.[14]

Finally it is abundantly clear that it would be inequitable under the circumstances of the case to prevent Wetterau from amending its informal claim. The debtor's bankruptcy presents us with one of the most complex labyrinths of corporate entities, wholly owned subsidiaries and "operated businesses" encountered in recent days by this bankruptcy court.

Although the record is not totally clear on the point it appears that Wetterau and both creditor banks actually dealt with Sav-On Food Center of Kentucky, Inc., a "technically" separate corporation, rather than the debtors.[15] Wetterau's only direct claim against McCoy Management Services arises through the judicial doctrine of piercing the corporate veil.

Equity is further served by our ruling in that the Wetterau claim of $61,514 represents a miniscule .0065 per cent of the debtor's total listed claims of $9,329,065, and would have no material impact on the Chapter 11 plan or distributions under it.

As noted earlier, we directed Wetterau to take its priority dispute with the creditor banks to the Kentucky court system. Wetterau followed that directive and now merely seeks to press its claim against the sole owner of Sav-On Food Centers, McCoy Management. It seems to this court that it would be a violation of fundamental principles of justice to prohibit a creditor from asserting a facially valid claim, due only to a minor technical error of counsel, which was mainly caused by that creditor's obedient compliance with a ruling from this court.

Accordingly, we find that Wetterau's motion to set aside an agreed order constituted an "informal proof of claim" and grant the creditor leave to file an amendment, within 30 days of the date of this opinion, which will more closely conform with the formalities of a proof of claim required by rule 3001(a).

---

Corp. of America, 570 F.2d 433 (2d Cir.1978); *In re Thompson,* 227 F. 981 (3d Cir.1915).

**12.** *In re Guardian Mortgage Investors,* 15 B.R. at 286.

**13.** See generally Note 8 *supra.* It is important to note that in the cases where the courts have held that there was an informal proof of claim which could be amended, courts have indicated that the "substantial conformity" language of Rule 3001(a) need only be met by a proof of claim as amended. It is clear that if the "shall conform substantially to [the] official forms" language was strictly intrepeted then no informal proof of claim would ever be allowed.

**14.** *See Sun Basin Lumber Co. v. United States,* 432 F.2d at 49; *In re Alsted Automotive Warehouse Inc.,* 16 B.R. at 926. *Contra In re Thompson,* 227 F. at 981.

**15.** McCoy Management Services, Inc. owned 100% of the stock in Sav-On Food Center of Kentucky, Inc.