**In re Joeline Oranell BOWERS, a.k.a. Joeline Oranell Doyle, a.k.a. Joeline Oranell Butcher, Social Security No. 444–42–2052, Debtor(s).**

**Bankruptcy No. 88 B 05206 C.**

United States Bankruptcy Court, D. Colorado.

May 18, 1989.

---

Brenda L. Milligan, Canon City, Colo., for Fremont National Bank of Canon City.

Ron E. Ewing, Colorado Springs, Colo., for the debtor.

### ORDER

PATRICIA A. CLARK, Bankruptcy Judge.

This matter is before the Court upon the motion of Fremont National Bank of Canon City (Bank) for authorization to file a late proof of claim.

The Bank contends that it should be allowed to file a late proof of claim in this Chapter 13 proceeding based on excusable neglect. Alternatively, the Bank asserts that it timely filed an informal proof of claim and should be given leave to file a formal proof of claim. The informal proof of claim is based upon a stipulation between the parties and the Court order to amend the plan to adequately provide for the Bank. According to the Bank that constitutes an informal proof of claim as it is in writing, contains a demand by the creditor on the debtor's estate, expresses an intent to hold the debtor liable for the debt and is filed with the Bankruptcy Court. The Bank relies on the following cases in support of that assertion: *In re McCoy Management Services, Inc.*, 44 B.R. 215 (Bankr.W.D.Ky.1984); *In re Scholz*, 57 B.R. 259 (Bankr.N.D.Ohio 1986); *In re Murchison*, 85 B.R. 37 (N.D.Tex. 1987).

The facts relevant to this matter are as follows. The debtor filed a Chapter 13 proceeding on April 25, 1988. The last day to file a proof of claim pursuant to Bankruptcy Rule 3002 was on August 22, 1988. The Bank filed a motion for relief from stay on June 7, 1988. The motion stated, *inter alia*, that: the debtor is indebted to the Bank in the amount of $5,399.39; the debt is secured by a 1984 Pontiac 6000; the debtor is in default; the Bank is entitled to possession of the vehicle pursuant to the security agreement; the Bank lacks adequate protection; the property is not necessary to an effective reorganization; and the value of the property is less than the outstanding indebtedness. The debtor filed a response to that motion and the matter was set for a hearing on July 5, 1988. At the hearing on relief from stay, the Bank withdrew its motion for relief from stay because the debtor agreed to amend the plan to provide for a value for the vehicle of $3,500 to be capitalized at 5 percent. The debtor amended the plan and it was confirmed on August 4, 1988.

On December 23, 1988, the Bank filed a motion for amendment of its "informal proof of claim" previously filed with the Court. That motion was denied on February 22, 1989, as the Court did not find authority or cause to recognize the Bank's "informal proof of claim" under Bankruptcy Rule 3002. On March 15, 1989, the Bank filed the subject motion for the authorization to file a late proof of claim. No objection or response to that motion was filed.

The first issue is whether the Bank may be allowed to file a late proof of claim based upon excusable neglect. Except as provided in Bankruptcy Rule 9006(b)(2, 3), the Court has the discretion to enlarge the time in which an action is to be taken if, *inter alia*, the failure to act was the result of excusable neglect. The relevant portion of Rule 9006(b)(3) limits the Court's ability to enlarge time in a Chapter 13 case to the extent permitted under Rule 3002(c). None of the provisions of Rule 3002(c) allow for the extension of time to file a claim based upon excusable neglect. Therefore, the Court finds that the Bank may not file a late proof of claim due to excusable neglect.

The second issue is whether the Bank may file an amended proof of claim based upon the timely filed "informal proof of claim." This Court follows the five-prong test set forth in *In re McCoy Management Services, Inc.*, 44 B.R. at 217, to determine if an informal proof of claim

exists. The elements of the test are as follows:

1. the proof of claim must be in writing;

2. the writing must contain a demand by the creditor on the debtor's estate;

3. the writing must express an intent to hold the debtor liable for the debt;

4. the proof of claim must be filed with the Bankruptcy Court; and

5. based on the facts of the case, it would be equitable to allow the amendment.

Further, "[t]hese requirements are not *stricti juris* in the sense that any minor deviation will be fatal to the claim. They merely state broad general guidelines, judicially formulated, which must be followed if a claim is to be allowed. All claims in bankruptcy, ..., must be liberally construed." *Id.* at 218.

The Bank contends that it has met the above test for an informal proof of claim. It maintains that the following combination constitutes its informal proof of claim: the stipulation of the parties at the July 5, 1988 hearing and the Court's minutes of proceeding Order which stated that the motion for relief from stay was withdrawn based upon the plan being amended with the agreed-upon value.

The Court agrees that the combination of the stipulation and Court order do constitute an informal proof of claim.[1] The proceedings at the July 5 hearing on the motion for relief from stay were sufficient reference in the judicial record to constitute an informal, amendable proof of claim.

At the hearing, the Bank withdrew its motion entitling it to proceed against the security based upon an agreement between it and the debtor. The debtor agreed to increase the valuation of the vehicle and capitalization of the debt. The Court ordered that the motion would be withdrawn upon the amendment of the debtor's plan to comply with the agreed-upon valuation and capitalization.

In effect, the grounds upon which the withdrawal was based were sufficient to meet the requirements of a demand upon the estate and an intent to hold the debtor liable for the debt. It was done in open court, and based upon the facts of the case, it is equitable to allow the amendment. *See, e.g., In re Thornlimb,* 37 B.R. 874 (Bankr.D.R.I.1984).

Based upon the foregoing, the Court concludes that a sufficient record of an informal proof of claim exists to allow the Bank to file an amended proof of claim which shall relate back to the July 5, 1988 hearing date.

ORDERED that the Bank is allowed to file an amended proof of claim.

FURTHER ORDERED that the Bank shall file an amended proof of claim within 15 days of the entry of this Order.

---

1. The motion for relief from stay does not in itself evidence an intent to hold the estate or the debtor liable for the debt. *See In re Mitchell,* 82 B.R. 583 (Bankr.W.D.Okla.1988) (motion for relief from stay and abandonment evidenced an intent to assert a claim against the security, not an intent to seek any distribution from the estate or hold the debtor liable for the deficiency).