**In re Jimmy GLICK, Betty Jo Glick, Debtors.**

**Bankruptcy No. 5–90–00233.**

United States Bankruptcy Court, W.D. Virginia, Harrisonburg Division.

Dec. 30, 1991.

Douglas T. Stark, Thumma & Stark, Harrisonburg, Va., for trustee.

Mark B. Callahan, Clark & Bradshaw, Harrisonburg, Va., for Crestar Bank.

Bonnie L. Paul, Harrisonburg, Va., for debtors.

## MEMORANDUM OPINION

ROSS W. KRUMM, Bankruptcy Judge.

The matter before the court involves an objection by Crestar Bank (hereafter "Crestar") to the trustee's final report of debtors' estate. Crestar asserts a right to distribution as an unsecured creditor for a deficiency on the sale of certain real property. The real property secured debtors' promissory note to Crestar. Crestar claims that its motion for relief from stay constitutes an informal proof of claim which it now seeks leave to amend. After argument of counsel, the court took the matter under advisement pending submission of briefs and stipulation of facts.

### Facts

Debtors filed a petition under Chapter 7 on April 13, 1990. The bar date to file proofs of claim was September 4, 1990. John G. Leake was appointed trustee. Debtors listed Crestar as a creditor holding security in Schedule A–2 based on two demand notes secured by credit line deeds of trust on debtors' residence. The market value of the residence set forth on Schedule A–3 was $80,000.00.

On April 19, 1990, Crestar filed a motion for relief from stay, certifying the same to counsel for debtors and counsel for trustee. Paragraph No. 3 of the Motion set forth the amount of the claim of Crestar as $103,431.42. Paragraph No. 4 of the motion stated that Crestar Bank "does not have and has not been offered, adequate protection for its interest in the real estate." Paragraph No. 5 of the motion stated that "indebtedness of the Bank far exceeds the value of its security. Debtors have listed the value of the real estate in Schedule A–2 as $80,000.00. The bank believes that this is an accurate assessment." Paragraph No. 6 stated that debtor has no equity in the real estate.

An order granting relief from the automatic stay of section 362 was entered on April 30, 1990, and the collateral was sold at foreclosure sale on May 18, 1990. The proceeds of sale did not satisfy the claim of Crestar, leaving a deficiency of $30,070.69. Crestar filed no formal proof of claim. Crestar's deficiency was not incorporated within trustee's notice and final report for dividend distribution to unsecured creditors. Crestar now claims that its motion for relief constituted an informal proof of claim.

### Law

▮ A holder of collateral with a value less than the amount owed to it holds two claims: a secured claim for the value of the collateral, and an unsecured claim for the difference in the amount owed and the value of the collateral. Bankruptcy Code § 506(a). To evidence these two claims, a creditor may file a proof of claim. Bankruptcy Code § 501(a). However, Bankruptcy Rule 3002(a) provides that "an unsecured creditor must file a proof of claim for the claim to be allowed." The proof of claim must be filed within 90 days after the date set for the section 341 meeting of creditors. Bankruptcy Rule 3002(c).

▮ The trustee's distribution of estate assets is based on "allowed unsecured claims." Bankruptcy Code § 726(a)(2). Read together, the Rules and Code provide that if a creditor holding a claim against the debtor greater than the value of its collateral wishes to participate in distribution of the estate, then a proof of claim evidencing an unsecured claim must be timely filed. *See In re Fell*, 112 B.R. 219, 221–2 (Bankr.N.D.Ohio 1989), and cases cited therein.

Requirements for timely filing are intended to promote finality in bankruptcy proceedings. *Hoos & Co. v. Dynamics Corporation of America*, 570 F.2d 433, 439 (2d Cir.1978). Filing deadlines often have been viewed as "mandatory, nondiscretionary statute of limitations." *In re Sullivan*, 36 B.R. 771, 772 (Bankr.E.D.N.Y. 1984). The policy behind strict enforcement of the filing deadline is apparent— "[It] insures a more efficient system and facilitates the administration of a bankrupt's estate so that the debtor, old creditors and new creditors can benefit." *In re Grocerland Coop., Inc.*, 32 B.R. 425, 426 (Bankr.N.D.Ill.1983).

Although finality is desired in bankruptcy proceedings, in some circumstances fairness and equity require that strict adherence to deadlines be relaxed and that filing of amended proofs of claim be permitted. *Dabney v. Addison*, 65 B.R. 348, 350 (Bankr.E.D.Va.1985). Bankruptcy courts, as courts of equity, have allowed the filing of amended proofs of claim after expiration of the time limits. *Fyne v. Atlas Supply Co.*, 245 F.2d 107 (4th Cir.1957) (amendment of proofs of claim will be allowed if in the opinion of the court, such course is in the "furtherance of justice"). The *Fyne* court added that a creditor may file an amended claim after expiration of the time period, provided that "sufficient notice of the claim has been given in the course of the bankruptcy proceeding." 245 F.2d at 107.

▮ Sufficient notice exists where creditor has manifested on the judicial record, the "existence, nature, and amount of the claim." In *In re Sun Basin Lumber Co. v. U.S.*, 432 F.2d 48, 49 (9th Cir. 1970), *In re Thornlimb*, 37 B.R. 874, 875 (Bankr.D.R.I.1984). The *Sun Basin* court found sufficient notice only after the creditor made clear in a written recitation "that the debt existed, that the appellant proposed to realize on the security, that the amount due exceeded the security's market value, and that the bankrupt was obligated to pay the anticipated deficiency." *Id.*, at 49. Crestar did not assert in its motion for relief from stay that the debtor was obligated to pay the anticipated deficiency. Thus, Crestar fails to meet all the criteria of *Sun Basin*. Also, mere listing of an amount owed to a creditor in the debtor's schedules and the trustee's knowledge of a claim does not dispense with the necessity of filing a proof of claim. *In re Middle Plantation of Williamsburg, Inc.*, 48 B.R. 789, 795 (D.C.E.D.Va.1985).

▮ A creditor is required to take some affirmative action to give sufficient notice of its claim against the estate. *See Davis v. Columbia Construction Co., Inc., et al. (In re Davis)* 936 F.2d 771, 776 (4th Cir. 1991), *Dabney v. Addison*, *supra*, 65 B.R. at 351, *In re Evanston Motor Co., Inc.*, 26 B.R. 998, 1001 (Bankr.N.D.Ill.1983). The Fourth Circuit's recent holding in *Davis* emphasizes the need for affirmative action by the creditor. In *Davis*, the moving party argued that it was entitled to the benefit of an informal proof of claim because of trustee's knowledge of the claim and its listing on debtor's schedules. The *Davis*

Court rejected the argument concluding that in order "[F]or an amended claim to be allowed in the absence of a written informal claim, the creditor in question must undertake some affirmative action to constitute notice that he has a claim against the estate." 936 F.2d at 776. The only action taken by Crestar in this case was to file a motion for relief from the automatic stay and this motion did not directly assert a deficiency claim. This court holds that Crestar's motion for relief is not sufficient to meet the requisite "affirmative action to constitute sufficient notice" criteria of *Davis* and *Sun Basin.*

In its brief, Crestar relies on *Dabney v. Addison, supra,* 65 B.R. 348, where amendment of a proof of claim was allowed in "furtherance of justice." However, *Dabney,* like *Davis,* requires prior sufficient notice as a prerequisite to filing a proof of claim after the expiration of the filing period. 65 B.R. at 351. The *Dabney* court used its equitable discretion to read the sufficient notice requirement more broadly since it was only by virtue of the "efforts and negotiations of the creditors' attorney that the debtors' equity was discovered in which a dividend could be paid to the creditors." 65 B.R. at 352. The *Dabney* court even contrasted its situation to the more typical situation where the creditor made no special contribution to the enhancement of the bankruptcy estate. 65 B.R. at 352 (citing *In re Greene,* 33 B.R. 1007, 1010 (Bankr.D.R.I.1983)). Thus, *Dabney* is distinguished from the present case since Crestar made no special contribution to enlarge debtor's estate.

▉ Those courts which have allowed the amendment of a previously filed informal proof of claim uniformly require that the proof of claim *explicitly* demonstrate the creditor's demand and the intention of the creditor to hold the bankruptcy estate liable for the scheduled debt. *In re McCoy Management Services, Inc.,* 44 B.R. 215, 217 (Bankr.W.D.Ky.1984); *see also Sambo's Restaurant, Inc. v. Wheeler (In re Sambo's Restaurant, Inc.),* 754 F.2d 811, 815 (9th Cir.1985), *In re Thornlimb, supra,* 37 B.R. at 875, *Lazar v. Sullivan (In re*

*Sullivan),* 36 B.R. 771, 775 (Bankr. E.D.N.Y.1984), *In re Alsted Automotive Warehouse, Inc.,* 16 B.R. 924, 925 (Bankr. E.D.N.Y.1982).

In *McCoy,* the court set forth the elements needed to establish a proof of claim. These included;

1) The proof of claim must be in writing;

2) The writing must contain a demand by the creditor on the debtor's estate;

3) The writing must express an intent to hold the debtor liable for the debt;

4) The proof of claim must be filed with the bankruptcy court, and

5) Based on the facts of the case, it would be equitable to allow the amendment.

44 B.R. at 217. The application of these elements remains a valuable analytical tool. *See In re Circle J. Dairy,* 112 B.R. 297, 299 (Bankr.W.D.Ark.1989).

Crestar's motion for relief fails on two counts: First it contains no explicit intention to hold the bankruptcy estate liable for any unsecured claim it might have against the debtor. It requests only that it be permitted to foreclose its security interest in the subject real estate. Second, the motion contains no explicit or implicit claim for a right to participate in the distribution of the assets of the estate. Without these elements, Crestar's motion for relief from stay can not be considered an informal proof of claim.

The Court's conclusion is consistent with Congressional intent in setting up rules of finality which are important for sound, efficient administration of a bankruptcy estate. *Matter of Evanston Motor Co., Inc.,* 26 B.R. 998, 1003 (Bankr.N.D.Ill.1983) (citing *Hoos & Co. v. Dynamics Corp.,* 570 F.2d 433, 437–9 (2d Cir.1978)). To effectively administer a bankruptcy estate, a trustee can not be burdened by the uncertainty that would result from liberal allowance of informal proofs of claim through motions for relief from stay which are phrased like Crestar's. The trustee must be able to close a case without the necessity of sifting through every motion for relief in search of potential deficiency and then being re-

quired to investigate what happened at the foreclosure sale. Similarly, creating informal proofs of claim by imputing knowledge to the trustee would burden administration of the estate by requiring the trustee to investigate all rumors of claims before closing the estate. *Cf. In re Davis,* 108 B.R. 95, 99 (Bankr.D.Md.1989) (mere knowledge of the trustee is not enough to constitute an informal proof of claim).

Finally, allowance of Crestar's claim would have a potential adverse impact on other creditors whose claims have been properly filed and allowed. The *Dabney* court noted this as a factor for the court to consider. *Dabney,* 65 B.R. at 352. In this case it would not be equitable to penalize the other creditors.

For the foregoing reasons, the court will not allow Crestar's motion for relief from stay to serve as an informal proof of claim.

An appropriate order implementing this memorandum opinion will be entered.

### ORDER

At Harrisonburg in said District this 30th day of December, 1991:

This matter came before the court on an objection by Crestar Bank to trustee's final report. Crestar objected to trustee's refusal to include the bank as an unsecured claimant for the deficiency resulting from the sale of debtor's real estate. Crestar asserted that its motion for relief from stay constituted an informal proof of claim, entitling it to distribution as an unsecured creditor.

A hearing was held on July 11, 1991, at which time the court took the matter under advisement pending submission of briefs by counsel for both parties. After reviewing the pleadings and briefs and pursuant to the memorandum opinion attached hereto and made a part hereof, it is

### ORDERED:

That Crestar's objection to trustee's final report is DENIED, and Crestar is barred from asserting a claim against debtors' estate for the deficiency on its promissory note.