In re Joe Earl COOPER and Janice Lee Cooper, Debtors.

Joe Earl COOPER and Janice Lee Cooper, Appellants,

v.

Richard KRAMER, Appellee.

No. 91–K–435.
Bankruptcy No. 89 B 10175 A.

United States District Court, D. Colorado.

May 1, 1992.

John A. Cimino, Denver, Colo., for appellant.

Richard A. Marsh, Massey Showalter & Marsh, Denver, Colo., for appellee.

Sally J. Zeman, Denver, Colo., trustee.

### DECISION ON APPEAL

KANE, Senior District Judge.

### I. *Introduction*

Debtors appeal an order of the bankruptcy court denying confirmation of their chapter 13 plan and granting Richard Kramer's ("creditor") objections to the confirmation. The bankruptcy court also enjoined the debtors from refiling another bankruptcy petition for a year after final judgment, including any appeal. On appeal they assert the creditor had no standing to object to confirmation because he never filed a timely proof of claim in the bankruptcy court and that the bankruptcy court improperly applied the "informal proof of claim" doctrine. They also assert that the bankruptcy court erred in enjoining them from refiling for a year when 11 U.S.C. § 109(g)(1) purportedly limits such an injunction to a period of six months. There are no factual issues in dispute. Thus, review of the bankruptcy court's decision is de novo.

Based on the limited record on appeal, I conclude that the bankruptcy court properly applied the informal proof of claim doctrine. The creditor, thus, had standing to object to confirmation. I therefore affirm that portion of the court's ruling.

I also conclude that the court acted improperly in enjoining debtors from refiling a bankruptcy petition for a period of one year. After this case was at issue, the tenth circuit decided *In re Frieouf*, 938 F.2d 1099 (10th Cir.1991). Thus I reverse the bankruptcy court's injunction of one year and remand for consideration of appropriate sanctions under *Frieouf.*

### II. *Procedural History and Facts*

The debtors filed their first chapter 7 petition on September 19, 1988. The bankruptcy court dismissed that petition on March 27, 1989 on the debtors' own motion. That motion suggested that "[t]he debtors feel they will be better able to protect their interest and those of their creditors outside the framework of a bankruptcy." On July 23, 1989, the debtors filed a second chapter 7 petition. The debtors listed the creditor's judgment on their schedule A–3 as a creditor having an unsecured claim without priority. On January 19, 1990, the bankruptcy court converted the chapter 7 case to one under chapter 13, pursuant to 11 U.S.C. § 706(a). The last day to file a proof of claim in the case was July 16, 1990. The creditor failed to file a proof of claim before that date. The creditor had filed, however, numerous pleadings before the cut-off date, including a motion to dismiss the chapter 7 case, a motion to dismiss the chapter 13 case, and a motion for relief from stay. None of those documents are before me in the record on appeal.

The debtors filed an amended chapter 13 plan on April 26, 1990. The creditor filed an objection on June 1, 1990. The debtors then moved to strike the objections on the grounds that the creditor had never filed a formal proof of claim. The bankruptcy court denied the motion to strike on No-

vember 28, 1990. It reasoned that the creditor had filed a sufficient informal proof of claim by virtue of its participation in the bankruptcy litigation. It ordered the creditor to file a formal claim within two weeks. The creditor filed its formal claim on December 14, 1990. On February 14, 1991, the bankruptcy court denied the debtors' motion to confirm their amended chapter 13 plan. In extensive and detailed findings of fact and conclusions of law, the bankruptcy court found that the debtors had acted fraudulently and in bad faith in filing and amending their bankruptcy petitions. It found that

> the Debtors' actions in both this case and the case which preceded it indicate that the Amended Chapter 13 Plan is not proposed in good faith and that both Petitions were filed for the primary, perhaps exclusive purpose of avoiding payment of a single judgment creditor. In addition, the Court finds that the mendacity of the Debtors, the inconsistency of the filings with this Court, and the non-disclosure and concealment of material information and assets, all constitute indicia of bad faith in this case.

> The Court finds that the purpose and intent of the Debtors in filing the Amended Chapter 13 Plan ... was not for the rehabilitation of the Debtors, but to principally evade payment of Creditor Kramer's judgment.

*Order of February 14, 1991,* ¶¶ 9, 10 at 20. Based on the overabundance of bad faith the debtors had demonstrated, the court enjoined the debtors from filing any further bankruptcy petitions for a period of one year from the date of its order or from the date of final determination of any appeal of its order. This appeal followed.

### III. *Discussion*

#### A. The Informal Proof of Claim Doctrine

Under Bankruptcy Rule 3002, an unsecured or undersecured creditor in a Chapter 13 bankruptcy must timely file a proof of claim to receive a distribution from the estate. Bankr.R. 3002(a); *In re Glick,* 136 B.R. 654, 656 (Bankr.W.D.Va.1991); *In re Padget,* 119 B.R. 793, 797 (Bankr.D.Colo.

1990). A proof of claim is a "written statement setting forth a creditor's claim," and must "conform substantially to the appropriate official form." Fed.R.Bankr.P. 3001(a). The official form requires:

1. Name and address of the creditor;
2. The basis for the claim;
3. The date the debt was incurred;
4. The classification of the claim;
5. The amount of the claim; and
6. Copies of any documents supporting the claim.

"The execution and timely filing of a proof of claim creates *prima facie* evidence as to the validity and amount of the claim." *In re Padget,* 119 B.R. at 797. The trustee then has the duty "to examine proofs of claim and object to the allowance of any claim that is improper." 11 U.S.C. § 704(5); *id.* His distribution of the assets of the estate is then based on "allowed unsecured claims." 11 U.S.C. § 762(a)(2); *In re Glick,* 136 B.R. at 656. The requirement for the timely filing of proofs of claim furthers "the policy favoring quick and effective settlement of bankruptcy estates." *In re Pernie Bailey Drilling Co.,* 105 B.R. 357, 362 (Bankr.W.D.La.1989); *see also In re Glick,* 136 B.R. at 656.

In this appeal the debtors argue that I am without authority to allow an untimely formal proof of claim. *See In re Wells,* 125 B.R. 297 (Bankr.D.Colo.1991). The debtors, however misunderstand the informal proof of claim doctrine. Even in the face of rule 3001(a)'s "substantial conformity' requirement, "the concept of an informal proof of claim has been consistently endorsed and applied by the courts since at least 1903...." *In re Dietz,* 136 B.R. 459, 463 (Bankr.E.D.Mich.1992) (collecting cases). Where the creditor has not timely filed a formal proof of claim, the court may permit other papers of record to be deemed an informal proof of claim. "Not every document filed in the bankruptcy court will constitute an informal proof of claim, however; the document must apprise the court of the existence nature and amount of the claim (if ascertainable) and make clear the claimant's intention to hold the debtor liable for the claim." *Charter*

*Co. v. Dioxin Claimants (In re Charter Co.)*, 876 F.2d 861, 863 (11th Cir.1989). Such an informal notice must typically meet the following five requirements:

1. the proof of claim must be in writing;
2. the writing must contain a demand by the creditor on the debtor's estate;
3. the writing must express an intent to hold the debtor liable for the debt;
4. the proof of claim must be filed with the Bankruptcy Court; and
5. based on the facts of the case, it would be equitable to allow the amendment.

*In re Bowers*, 104 B.R. 362, 364 (Bankr. D.Colo.1989) (applying test of *In re McCoy Management Servs., Inc.*, 44 B.R. 215, 217 (Bankr.W.D.Ky.1984)). *But see In re Dietz*, 136 B.R. at 463, 464 (suggesting that the fifth element "actually goes to the question of whether a creditor should be allowed to amend an informal claim, rather than whether an informal claim has in fact been made," and suggesting that the second and third elements should be stated in the alternative.)

 The difficulty in applying this law to the facts of the case is that the record on appeal is so inadequate. I note that the docket sheet is replete with entries under the creditor's name. I further note that the bankruptcy court specifically relied upon three pleadings the creditor had filed in finding that he had filed a proper informal proof of claim: a motion to dismiss the chapter 7 case, a motion to dismiss the chapter 13 case, and a motion for relief from stay. None of these documents is before me as part of the record on appeal. It is thus impossible for me to say that the bankruptcy court was wrong as a matter of law in concluding that the creditor had filed a proper informal proof of claim. By virtue of the debtors' failure to designate properly the record on appeal, I affirm the bankruptcy court's decision.

### B. Sanctions

Debtors assert that the bankruptcy court could not enjoin them from refiling another bankruptcy petition for more than six months. They are correct. The cir-

cuit's opinion *In re Frieouf*, 938 F.2d 1099 (10th Cir.1991), addressed this very issue. The bankruptcy court ordered, and the district court on appeal upheld, a three year injunction against further bankruptcy filings. The circuit's reading of 11 U.S.C. § 349(a) and U.S.C. § 109(g)(1), however, convinced it that "a bankruptcy court, 'for cause,' [may] permanently disqualify a class of debts from discharge, but ... may not deny future access to [the] bankruptcy court, except under the circumstances of section 109(g)." 938 F.2d at 1103. Thus, I reverse the imposition of a three year injunction against further filing and remand the case to the bankruptcy court for consideration of an appropriate sanction in light of *Frieouf.*

IT IS ORDERED that the decision of the bankruptcy court is affirmed in part and reversed in part and remanded for consideration of appropriate sanctions in light of *Frieouf.*