In re ANCHOR RESOURCES
CORPORATION, Debtor.

**FIRST INTERSTATE BANK OF DENVER, N.A., Appellant,**

v.

**Tom H. CONNOLLY, Trustee for the Estate of Anchor Resources Corporation, Appellee.**

Civ.A. No. 91–K–326.
Bankruptcy No. 83 B 4337 J.

United States District Court,
D. Colorado.

May 1, 1992.

John R. Mallory, Dennis E. Baker, First Interstate Bank, Denver, Colo., for appellant.

Mary Scherschell, Tom H. Connolly, trustee, Denver, Colo., for debtor.

### MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

First Interstate Bank of Denver, N.A., appeals the bankruptcy court's February 14, 1991 order holding that its motion for relief from stay would not be deemed an informal proof of claim and sustaining the trustee's objection to its formal proof of claim as untimely. The bankruptcy court reasoned that the bank's motion for relief from stay did not make demand on the debtor, Anchor Resources Corporation, for payment or evince an intent to hold the estate liable for the debt, requirements for a document to be considered an informal proof of claim. I affirm.

### I. *Facts.*

Anchor Resources filed its petition under Chapter 11 of the Bankruptcy Code on Sep-

tember 23, 1983. It listed First Interstate Bank as a secured creditor in an unliquidated amount on its schedules. Anchor Resource's debt to the bank arose from its default on a promissory note in the principal amount of $1,925,000. The note was secured by certain equipment owned by Anchor Resources. First Interstate perfected its security interest in the equipment by filing UCC–1 financing statements.

On September 28, 1983, First Interstate filed a motion for relief from the stay and for adequate protection under § 363(e) of the Code. In its motion, the bank described the note and its security interest in the equipment, the debtor's default on the note and the bank's unsatisfied demand for payment and the existing amount of unpaid principal and accrued interest. (R.Doc. 1) It further alleged that the value of the equipment held as collateral, in which Anchor Resources had no equity, was substantially less than Anchor's outstanding debt to it. (*Id.*) On October 5, 1983, First Interstate and Anchor filed a stipulation to these facts, which was approved by the court. The parties agreed that "[t]he relief requested in the Bank's First Claim [under the motion for relief from stay] should be granted, and the automatic stay imposed by 11 U.S.C. § 362(a) should be vacated to allow the Bank to repossess its collateral and proceed in accordance with its rights under its security agreement." (*Id.* Doc. 2 at 2.)

The case was converted from Chapter 11 to Chapter 7 on February 21, 1984. August 1, 1984 was established as the bar date for filing claims against the estate. On August 10, 1984, having disposed of the equipment held as collateral, First Interstate filed a claim for $597,829.67, representing the deficiency from the sale. On December 19, 1990, Tom H. Connolly, the trustee for Anchor Resources' estate, filed a motion to disallow the bank's claim as untimely. First Interstate responded to the motion, arguing that it could not determine the unsecured amount of its claim before the bar date because disposition of the collateral was a complex process. Further, it claimed that its motion for relief from the stay should be deemed an informal proof of claim and its August 10 notice an amendment to that claim.

In an order dated February 14, 1991, the bankruptcy court granted the trustee's motion, holding that First Interstate's motion for relief from the stay could not be considered an informal proof of claim because "the documents relied upon make no demand against the estate no[r] do they manifest an intent to hold the estate liable. Rather, it would appear from the documents that the Bank, a sophisticated banking institution, intended to rely [on] only its state court rights and recover from its collateral." (R.Doc. 8 at 2.). First Interstate thereafter commenced this appeal. Review is *de novo* in determining whether the bankruptcy court erred in holding that the motion for relief from stay and stipulation did not constitute an informal proof of claim. *See Sambo's Restaurants, Inc. v. Wheeler (In re Sambo's Restaurants, Inc.)*, 754 F.2d 811, 815 (9th Cir.1985) (whether documents can be considered an informal proof of claim is a legal issue subject to *de novo* review).

## II. *Merits.*

Under Bankruptcy Rule 3002, an unsecured or undersecured creditor in a Chapter 7 bankruptcy must timely file a proof of claim to receive a distribution from the estate. Bankr.R. 3002(a); *In re Glick*, 136 B.R. 654, 656 (Bankr.W:D.Va.1991); *In re Padget*, 119 B.R. 793, 797 (Bankr.D.Colo. 1990). "The execution and timely filing of a proof of claim creates *prima facie* evidence as to the validity and amount of the claim." *In re Padget*, 119 B.R. at 797. The trustee has the duty "to examine proofs of claim and object to the allowance of any claim that is improper." 11 U.S.C. § 704(5); *In re Padget*, 119 B.R. at 798. His distribution of the assets of the estate is based on allowed unsecured claims. 11 U.S.C. § 726(a)(2); *In re Glick*, 136 B.R. at 656. The requirement that a creditor timely file a proof of claim to participate in this distribution furthers "the policy favoring quick and effective settlement of bankruptcy estates." *In re Pernie Bailey Drilling Co.*, 105 B.R. 357, 362 (Bankr.W.D.La.

1989); *see also In re Glick,* 136 B.R. at 656.

■ In some cases, where the creditor has not timely filed a formal proof of claim, courts have permitted other papers of record to be deemed an informal proof of claim. "Not every document filed in the bankruptcy court will constitute an informal proof of claim, however; the document must apprise the court of the existence, nature and amount of the claim (if ascertainable) and make clear the claimant's intention to hold the debtor liable for the claim." *Charter Co. v. Dioxin Claimants (In re Charter Co.),* 876 F.2d 861, 863 (11th Cir.1989). Some courts, including the bankruptcy court below, require the informal notice to meet the following five requirements:

1. the proof of claim must be in writing;

2. the writing must contain a demand by the creditor on the debtor's estate;

3. the writing must express an intent to hold the debtor liable for the debt;

4. the proof of claim must be filed with the Bankruptcy Court; and

5. based on the facts of the case, it would be equitable to allow the amendment.

*In re Bowers,* 104 B.R. 362, 364 (Bankr. D.Colo.1989) (applying test of *In re McCoy Management Servs., Inc.,* 44 B.R. 215, 217 (Bankr.W.D.Ky.1984)).

In this appeal, the parties do not contest the bankruptcy court's application of the *McCoy* test or that the first, fourth and fifth requirements are met. The dispute centers on the second and third elements: whether First Interstate's motion for relief from stay and the parties' stipulation manifested the bank's intent to hold Anchor Resources liable for the entire debt, including the unsecured portion, and its intent to make a claim against the estate for its payment. Several courts have addressed similar situations and have reached the same conclusion as the bankruptcy court.

In an early case under the former Bankruptcy Act, *Lacoe v. De Long (In re Hotel St. James Co.),* 65 F.2d 82 (9th Cir.1933), the court upheld the trustee's objection to a creditor's amended proof of claim. It reasoned that the creditor's earlier petition for leave to sell mortgaged premises in a Bankruptcy Act case did not constitute informal proof of claim because there was "not the slightest indication that the petition was intended as a claim against the bankruptcy estate." *Id.* at 83.

Whether formal or informal, a claim must show (as the word itself implies) that a demand is made against the estate, and must show the creditor's intention to hold the estate liable. And this is especially the duty of a secured creditor, who has the choice (if his security be not also a preference) of relying upon the security and thereby giving up all or a part of his claim upon the estate. This he will be sure to do, if the security be sufficient to pay the whole debt; and, even if it will only pay the debt in part, he will probably apply the security as far as possible and hold the estate for the remainder only. But his election to pursue the estate must be made in accordance with the act; otherwise, he will be confined to his security.

*Id.* at 83–84. *Compare In re Guardian Mortgage Investors,* 15 B.R. 284, 286 (M.D.Fla.1981) (construing as informal proof of claim motion for relief from stay to pursue state court lawsuit because, unlike *Hotel St. James,* lawsuit was creditor's sole source of relief).

In Code cases since *Hotel St. James,* courts have continued to adhere to the view that a motion for relief from the stay to foreclose on collateral cannot be deemed an informal proof of claim when the creditor states no intention to hold the debtor or the estate liable for the amount of any deficiency. For example, in *In re Glick,* 136 B.R. 654 (Bankr.W.D.Va.1991), the debtors filed a Chapter 7 petition and listed the bank as a secured creditor on its schedules. The bank held two demand notes secured by credit line deeds of trust on the debtors' residence. Shortly after the petition was filed, the bank moved for relief from the stay, arguing that it did not have adequate protection of its interest because the value of the debtors' home was less than the

outstanding amount due under the notes. The bank further stated the debtors had no equity in the property. The court granted the bank's motion for relief from the stay, and the bank foreclosed on the property, leaving a deficiency of approximately $30,000. The bank never filed a formal proof of claim as to the undersecured amount. *See id.* at 655.

Although the bank argued that its motion for relief from the stay should be construed as an informal proof of claim, the court disagreed. It held that, to give fair notice of a claim, the motion for relief from the stay must indicate " 'that the debt existed, that the appellant proposed to realize on the security, that the amount due exceeded the security's market value, and that the bankrupt was obligated to pay the anticipated deficiency.' " *Id.* at 656 (citing *Sun Basin Lumber Co. v. United States*, 432 F.2d 48, 49 (9th Cir.1970)). Since the bank "did not assert in its motion for relief from the stay that the debtor was obligated to pay the anticipated deficiency," *id.*, it failed this test. Likewise, it failed under the five-factor analysis adopted in this case:

> [The bank's] motion for relief fails on two counts: First it contains no explicit intention to hold the bankruptcy estate liable for any unsecured claim it might have against the debtor. It requests only that it be permitted to foreclose its security interest in the subject real estate. Second, the motion contains no explicit or implicit claim for a right to participate in the distribution of the assets of the estate. Without these elements, [the bank's] motion for relief from the stay can not be considered an informal proof of claim.

*Id.* at 657 (applying *In re McCoy*); *see also In re Irvine*, 105 B.R. 502, 504 (D.Minn. 1989) (loan documents sent to trustee and bank's motion for relief from stay insufficient to show a written assertion of a claim against the estate); *In re Pernie Bailey Drilling Co.*, 105 B.R. 357, 359 (Bankr. W.D.La.1989) (lift stay motion, which merely evidenced bank's desire to proceed with respect to security and stated no intent to hold debtor liable for deficiency, not infor-

mal proof of claim); *In re Mitchell*, 82 B.R. 583, 586 (Bankr.W.D.Okla.1988) (motion to modify stay to permit foreclosure did not make demand on estate or manifest an intent to hold it liable; creditors could have moved for a determination under § 506(a) of the allowed amounts of secured and unsecured claims); *cf. Sunset Beach, Ltd. v. Stocks (In re Stocks)*, 137 B.R. 516, 520 (Bankr.N.D.Fla.1991) (creditor's motion for relief from stay to pursue action against nondebtor entity, opposition to discovery requests, and objection to Rule 2004 examination did not constitute informal proof of claim).

The policy underlying these cases is consistent with congressional intent behind the finality rules applicable in bankruptcy cases. As explained in *In re Glick*,

> To effectively administer a bankruptcy estate, a trustee can not be burdened by the uncertainty that would result from liberal allowance of informal proofs of claim through motions for relief from stay which are phrased like [the creditor's]. The trustee must be able to close a case without the necessity of sifting through every motion for relief in search of potential deficiency and then being required to investigate what happened at the foreclosure sale. Similarly, creating informal proofs of claim by imputing knowledge to the trustee would burden administration of the estate by requiring the trustee to investigate all rumors of claims before closing the estate.

136 B.R. at 657–58. This same policy led the bankruptcy court in this district to hold that the Chapter 7 trustee does not have the duty to examine proofs of claim to determine whether an undersecured creditor has both a secured and unsecured claim. *See In re Padget*, 119 B.R. 793, 798 (Bankr.D.Colo.1990).

■ The situation in this case is indistinguishable from *In re Glick* and *Hotel St. James*. Nowhere in First Interstate's motion for relief from stay or in the stipulation did the bank indicate that it intended to hold Anchor Resources liable for any deficiency after the sale of the equipment or make a claim against the estate for the

**958**

unsecured portion of the debt owed to it. The bank's motion for relief from stay merely requested the bankruptcy court's permission to proceed with the disposition of the collateral held as security for the note, and the stipulation approved by the court echoed this intent. Consequently, the bankruptcy court did not err in holding that these documents did not constitute an informal proof of claim because they indicated that the bank intended to rely only on its state court remedies. Its decision granting the trustee's objection to First Interstate's proof of claim is AFFIRMED.