BENCH OPINION
BECKER, Circuit Judge.
Let me begin by commending both Mr. Kodak and Mr. Schweikert on their candor with the Court and their forceful exposition of their clients’ claims. However, we have read the opinions of Judge Woodside and Judge McClure and are satisfied that they got it right. The standards which are generally applied by virtually all courts across the land in determining whether a motion for relief from automatic stay satisfies the requisites of an informal proof of claim under the Bankruptcy Code are those stated in In re McCoy Management Services, Inc., 44 B.R. 215 (B.R.W.D.Ky. 1984):
courts have interpreted the Bankruptcy Code and the Bankruptcy Rule to require five elements in order for an informal proof of claim to be valid and amendable:
(1) the proof of claim must be in writing;
(2) the writing must contain a demand by the creditor on the debtor’s estate;
(3) the writing must express an intent to hold the debtor liable for the debt;
(4) the proof of claim must be filed with the Bankruptcy Court; and
(5) based on the facts of the case, it would be equitable to allow the amendment.
These requirements are not stricti juris in the sense that any minor deviation will be fatal to the claim. They merely state broad general guidelines, judicially *472 formulated, which must be followed if a claim is to be allowed.
Id. at 217-18. We too will apply them.
I will not take the time to recite the facts and procedural history — the tortuous facts and long procedural history of this unfortunate case, which deserves at this late date to be disposed of quickly. The panel is satisfied that no valid purpose would be served to taking this matter under advisement and writing a lengthy opinion. We are satisifed that the motion for relief from automatic stay, which is found at the Appendix, pages 16A-18A, does meet the McCoy requirements — it is in writing; it contains a demand by the creditor on the debtor’s estate; it expresses an intent to hold the debtor liable for the debt; it has been filed with the Bankruptcy Court; and we feel that it would be equitable to allow the amendment.
Mr. Kodak has very forcefully argued that the Turners have in effect abjured proceeding under the Bankruptcy Code and have in effect forfeited their right to contend that they have a valid informal proof of claim by stating that “they don’t have a claim.” However, we are satisfied that that statement is a function of the rather unusual Illinois statute and procedures which give the disappointed seller the right to claim some kind of equitable damages against the buyer who does not fulfill a contract for sale of real estate. We do not see the Turners having announced or telegraphed that they do not have a claim. Indeed the history of this litigation suggests that they have and that they have long felt that they do. We are satisfied that there was an informal proof of claim filed here. Judge McClure in his opinion affirming Judge Woodside’s order was satisfied that there was a valid informal proof of claim filed here, and we are satisfied that both Judge Woodside and Judge McClure were correct. The notice of appeal is from the order entered October 21, 2001. That order will be affirmed and this bench opinion will be transcribed and constitute the opinion and judgment of the Court. The formal judgment of the Court will follow. I simply want to add that Judge McClure’s order concludes:
We agree with the Bankruptcy Court that the motion for relief from the stay constitutes an informal proof of claim subject to amendment after the claims bar date since attorneys properly amended their proof of claim, the claim is not barred.
We announce our endorsement of that. Judge Barry, anything to add?
Judge Barry: I would simply add as Judge Becker noted that the final order in this case was not Judge McClure’s but was entered by the Honorable John E. Jones, III.
Judge Becker: Yes, of course, it was Judge Jones. Judge McClure did the opinion, but the order was done by Judge Jones.
Judge Barry: The attorneys have argued this very, very capably and we thank them for that.