552

**In re WELLBORN.**

No. 21731.

United States District Court
M. D. Tennessee, Nashville Division.

Oct. 28, 1948.

Watkins & Crownover and Claude Callicott, all of Nashville, Tenn., for petitioners.

B. B. Gullett, of Nashville, Tenn., for trustee.

DAVIES, District Judge.

In the above styled matter, the Findings and Conclusions heretofore filed by the Referee in Bankruptcy are approved and adopted by the Court as its own, with the following exceptions:

In allowing petitioners the sum of $250.-00 as attorney's fees for services rendered in the State Court, and in refusing to allow any attorney's fees to petitioners for services rendered in the Bankruptcy Court, the Referee apparently relied to a great extent upon the authority of the case of Security Mortgage Company v. Powers, 278 U.S. 149, 49 S.Ct. 84, 73 L.Ed. 236.

It is the opinion of this Court that the decision in question does not sustain the Referee's Conclusions. The holding in that case as to whether or not attorney's fees should be allowed rested upon two specific propositions. The one in point is that no notice of intention to sue was given the debtor, as required by a statute of the State of Georgia. We are not concerned in this matter with the question that the sole purpose of the suit was to increase the mortgage debt by an amount representing attorney's fees. It not appearing clearly in the record as to whether or not the required notice was given, or if suit was brought merely to increase the mortgage debt, the Supreme Court remanded the case to the District Court for the purpose of determining these questions of fact, with the direction that if it appeared that if neither of the two objections were sustained by the facts, the attorney's fees should be allowed; but if either objection was sustained, then the fees should be disallowed.

■■ By this action, it seems that the Court definitely held that if all statutory requirements relative to the allowance of attorney's fees had been· complied with, the fees should have been allowed as part of the debt in the Bankruptcy Court. The Court very specifically stated in its opinion that the validity of the lien claimed by the Mortgage Company for attorney's fees must be determined by the law of Georgia, for the contract was there made and was secured by real estate there situate; and further, that the construction of contracts for attorney's fees presents, likewise, a question of local law.

Tennessee does not have any statute relating to the allowance of attorney's fees similar to the one in force in the State of Georgia. The allowance of attorney's fees in Tennessee has been determined to be a matter of contract.

In the instant case, the note contains the following provision:

"If this note is placed in the hands of an attorney for collection, by suit or otherwise, or to protect the security for its payment, we will pay all costs of collection and litigation, together with a reasonable attorney's fee."

The deed of trust contains a similar provision, as follows:

"In case the party of the third part, or assigns, shall be made a party to any suit or proceeding at law or in equity in order to protect the security given for this obligation, said party of the third part, or assigns, shall be allowed and paid reasonable costs, charges and attorney's fees in such suit or proceedings, and the same shall be a further charge and lien upon said premises and enforced as the principal obligation."

There is some conflict in the terms of the deed of trust and the note secured thereby relative to the right to declare the principal debt due and payable. The deed of trust provides that in case of nonpayment of the principal and interest, or any part thereof, at the time when the same becomes due, the principal debt may then be declared due and payable without notice; while the note provides that a default in the payment of any installment of interest or principal must exist for thirty days before the principal amount of the indebtedness may be declared due and payable. However, this is immaterial, as the facts show that the sound installment of the indebtedness came due on September 14, 1947, and was not paid, and on October 21, 1947, the original deed of trust and the note had been declared due and payable and was forwarded to petitioner's attorney on that date, evidently having been declared due and payable between October 17th and October 21st. However,

554

the petitioner was not adjudicated a bankrupt until October 23, 1947, although the involuntary petition was filed on October 17, 1947. But the petition being an involuntary one, it seems that the date of adjudication should control. Yet, this is not determinative of the case.

■ It appears that a General Creditors' Bill was filed in the Chancery Court of Davidson County on October 3, 1947, and the petitioner, Pilot Life Insurance Company, was made a party defendant to this suit, and the matter of the protection of its security and the foreclosure of its mortgage was referred to petitioner's attorney on October 10, 1947. The Court will take judicial notice of the fact that under the Tennessee practice, upon the filing of a General Creditors' Bill all creditors are enjoined from prosecuting their claims against the debtor, except in the proceedings in question, and it thereby becomes necessary for creditors, especially secured creditors, to employ counsel. When the petitioner, Pilot Life Insurance Company, referred the matter to its local counsel for the purpose of filing its answer in the insolvency proceedings in the Chancery Court of Davidson County to protect its security and to enforce its mortgage, the provisions contained in the deed of trust and in the note, herein above referred to, became effective, and attorney's fees attached and became a part of the mortgage debt.

■ It is well settled in Tennessee that attorney's fees may properly be allowed, notwithstanding the fact that notes containing such provisions were not placed in the hands of an attorney for collection or sued upon until after insolvency proceedings were instituted. Franklin v. The Duncan et al., 133 Tenn. 472, 182 S.W. 230, Ann.Cas. 1917C, 1080; Nickey Bros. v. Lonsdale Mfg. Co., 149 Tenn. 391, 258 S.W. 776.

■ It seems, therefore, that the Referee was in error in confining the allowance of attorney's fees to petitioners for services rendered in the Chancery Court of Davidson County. Attorney's fees attached to the indebtedness when it was placed in the hands of petitioning attorneys in this case on October 10, 1947, for the purpose of appearing in said insolvency proceedings. This was, of course, subsequent to the filing of the insolvency proceedings, but prior to either the filing or the adjudication in this proceeding.

■ It is insisted that the services rendered by the attorneys in question were not in any way beneficial to the administration of this estate, but, in fact, hindered or hampered the administration. This may or may not be true. But regardless of that fact, the attorneys were representing their client, not representing the bankrupt, or the trustee, or the other creditors. While they may have made a mistake in judgment, they were entitled to take all steps which they felt necessary to protect the interests of their client; and inasmuch as the attorney's fees had already attached to the indebtedness, they are entitled to be compensated.

■ The question of the amount of the compensation is another matter. The note and deed of trust provided for a "reasonable" attorney's fee. What is a reasonable amount is for the Court to determine. This question should not be determined upon a quantum meruit basis alone. It is well recognized that the amount of the indebtedness is an important factor, and all such matters must be taken into consideration. On a quantum meruit basis, sometimes counsel perform services in connection with a small amount of indebtedness that, should compensation be made alone on the basis of services rendered, the amount would be prohibitive. For instance, a lawyer may, in certain cases, perform a great many more services and spend more time in the collection of a debt of $1,000.00 than he would at other times in the collection of a debt of $10,000.00. The picture must, therefore, be looked at as a whole.

■ In this case, the indebtedness amounted to $15,000.00, a rather sizable amount, and the attorneys in question performed a number of services relative to the protection of the interests of their client. Taking all of these facts into consideration, the Court is of the opinion that the sum of $500.00 would be reasonable compensation in this case.

The action of the Referee in declining to allow any fee to the trustee is eminently correct, inasmuch as the deed of trust recognizes the fact that the trustee is not entitled to any compensation unless the trust was executed and the mortgaged property sold at a trustee's sale. However in line with this opinion, the Court holds that the Referee should have allowed the full sum of $29.00 expenses claimed by petitioners, including the amount of $15.75 incurred by notice of sale, inasmuch as it appears the petitioners' insistence that it had the legal right to sell the property under the terms of its deed of trust was apparently made in good faith, for the reason that a very complex and close question of law was involved.

Judgment will be entered accordingly.