**In re Arthur Lawrence BAIN, Individually and d/b/a Arthur L. Bain Construction Company, Bankrupt.**

**WOMACK LUMBER COMPANY, INC., on behalf of Walter C. Drake, Trustee, Appellant,**

v.

**GUARANTY MORTGAGE COMPANY, Appellee.**

No. 75-1480.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 17, 1975.

Decided Dec. 19, 1975.

Rehearing Denied Jan. 27, 1976.

---

Larry C. Sanders, Hills, Sanders, Miller & Daniel, T. Robert Hill, Jackson, Tenn., for appellant.

John R. Moss, Moss & Benton, William H. Brown, Jackson, Tenn., for appellee.

Before PHILLIPS, Chief Judge, and WEICK and ENGEL, Circuit Judges.

WEICK, Circuit Judge.

The controversy in this case arose out of a foreclosure of deeds of trust securing promissory notes and the public sale of real property conducted under the power of sale contained in the deeds of trust, which sale was held after the mortgagor had filed a voluntary petition in bankruptcy.

When the Bankruptcy Judge was advised by counsel of the proposed public sale he consented to the sale on condition that the sale would be subject to confirmation by the Bankruptcy Court.

At the sale, the mortgagee, Guaranty Mortgage Company [Guaranty Mortgage], bid in the real property for $938,277.79. On that date there was a balance of principal due on the promissory notes secured by the trust deeds in the amount of $771,685.02, and interest amounting to $80,356.78, or a total balance of principal and interest in the sum of $852,041.80. The bid of the mortgagee, Guaranty Mortgage, was therefore $86,235.99 in excess of the balance due on the notes secured by the deeds of trust.

Guaranty Mortgage seeks to retain the surplus as costs of sale and reasonable attorney's fees under provisions in the notes and deeds of trust. The creditors of the bankrupt claim the surplus as assets of the bankrupt's estate.

684

Following the public sale both Womack Lumber Company, Inc. [Womack], a general creditor of the bankrupt, and Guaranty Mortgage petitioned the Bankruptcy Court to confirm the sale. Thereafter Guaranty Mortgage petitioned the Bankruptcy Court to withdraw its petition for confirmation of sale. Womack requested the Bankruptcy Judge to adopt findings of fact and conclusions of law, which request was granted.

In his findings of fact the Bankruptcy Judge made a finding to the effect that the promissory notes contained a provision to the effect that a ten per cent attorney's fee could be retained by the mortgagee in the event of a foreclosure sale. The notes had not been offered in evidence at that time, and the Bankruptcy Judge's finding of fact had no support from the record. He also authorized Guaranty Mortgage to withdraw its petition for confirmation.

Womack appealed to the District Court. The District Judge did not discover the mistake of the Bankruptcy Judge with respect to the alleged ten per cent provision in the notes, and he remanded the case back to the Bankruptcy Court for further consideration.

Upon the remand the notes were offered in evidence. They provided in part as follows:

If this note is placed in the hands of an attorney for collection, by suit or otherwise, or to enforce its collection, or to protect the security for its payment, we will pay all costs of collection and litigation, together with a reasonable attorney's fee.

The Bankruptcy Judge held that ten per cent of the principal and interest which was bid at the foreclosure sale, was reasonable for foreclosure expenses and attorney's fees, and that no moneys were owed from said sale to the Trustee in Bankruptcy. He also confirmed the sale in all respects and denied the petition of Guaranty Mortgage to withdraw its petition for confirmation. Guaranty Mortgage did not appeal to the District Court.

Womack appealed to the District Court, resulting in an affirmance of the order of the Bankruptcy Court. Womack then appealed to this Court. We reverse.

The District Court was of the view that there was no equity in the property, and it stated that this view was supported by the record, or alternatively, that the ten per cent allowance for attorney's fees "is supported by adequate evidence and is reasonable." We find no evidence in the record to support either of these statements. There is nothing in the appendix, or in the stipulation contained therein, with respect to either the value of the property or the reasonableness of the attorney's fees.

The only proof as to attorney's fees was a minimum fee schedule of the Jackson-Madison County Bar Association. This schedule provided for a reasonable fee for the time involved plus 15% of the excess over the debt up to $10,000, and 10% of the amount over $10,000. In our opinion this fee schedule was no evidence of the reasonable value of the services rendered by the attorney in connection with the foreclosure sale. There is also a question of the legality of a fee schedule. *Goldfarb v. Virginia State Bar Ass'n,* 421 U.S. 773, 95 S.Ct. 2004, 44 L.Ed.2d 572 (1975).

No issue has been raised by either party on appeal concerning the confirmation of the sale. It was necessary that the sale be confirmed to comply with the order of the Bankruptcy Judge consenting to the sale. Since the foreclosure sale has been confirmed by the Bankruptcy Court, Guaranty Mortgage is not in position to claim that it bid in the property for too much money.

The District Court was of the opinion that the burden of proof was upon Womack to prove that the mortgagor had equity in the property. This burden was met by the amount for which the property was sold at foreclosure sale.

In our opinion Guaranty Mortgage may retain from the proceeds of

sale only the actual costs of advertising and a reasonable attorney's fee for handling the foreclosure sale and obtaining confirmation thereof by the Bankruptcy Court.

■ There was no evidence in the record as to the amount which Guaranty Mortgage actually paid for advertising the sale or the amount paid to its attorney for services rendered in connection with the foreclosure and confirmation. Upon remand the burden is upon Guaranty Mortgage to prove not only its payment of attorney's fees, but also that the fees were reasonable. The reasonableness thereof must be determined by the Bankruptcy Court.

■ The validity and construction of a secured obligation to pay attorney's fees is a question of state law. *Security Mortgage Co. v. Powers,* 278 U.S. 149, 153–54, 49 S.Ct. 84, 73 L.Ed. 236 (1928). In Tennessee the inclusion of a provision for foreclosure expenses and a reasonable attorney's fee in a note and deed of trust requires judicial inquiry to determine whether a claimed amount is reasonable. *Carolina Spruce Co. v. Black Mountain Ry.,* 139 Tenn. 248, 250, 201 S.W. 770, 771 (1917). Under Tennessee law such a provision in a note is an indemnity contract, *Carolina Spruce Co., supra.* See *Quaker Oats Co. v. Burnett,* 289 F.Supp. 283, 286 (E.D.Tenn.1968). The creditor can recover only expenses and fees actually incurred in the foreclosure.

Our holding is in accord with Tennessee law as expressed in *In Re Myers' Estate,* 55 Tenn.App. 195, 208, 397 S.W.2d 831, 837 (1965), which held:

Since the note . . . provided only for reasonable attorney's fees and no proof was offered as to what amount would be reasonable, under the authority of *Nu-Way Ice Mach. Co. v. Pig'N Whistle,* 16 Tenn.App. 581, 65 S.W.2d 575, nothing can be allowed as an attorney's fee on this note.

The *Nu-Way* case, 16 Tenn.App. at 590, 65 S.W.2d at 579, similarly held:

In the absence of any proof as to what would be a reasonable attorney's fee, and the failure upon the part of complainant to make any proof on that subject, we think that it stands as waived.

■ Since the amount bid in excess of principal and interest owing on the notes is equity of the bankrupt's estate, except to the extent that the mortgagee can show the nature and extent of reasonable expenses and fees incurred, the Bankruptcy Court has jurisdiction over the bankrupt's equity as part of his estate under 11 U.S.C. § 11(a)(7), and therefore can determine the amount which is to be allowed out of a foreclosure sale to cover expenses and attorney's fees.

It was error for the District Court to hold that the bankrupt's estate had no equity in the property in view of the fact that the property was sold for $86,235.99 more than the principal and interest owing on the secured notes, and no proof was offered to show the amount of expenses or attorney's fees incurred. In fact, on this record the District Court should have found that the bankrupt's equity is $86,235.99.

Womack contends that Guaranty Mortgage must file a claim for attorney's fees under Fed.R.Bankruptcy 219 in order to retain any amount in excess of the principal and interest bid at the sale. It further argues that the reasonableness of attorney's fees allowed should be measured, using court precedents setting fees for attorneys representing a bankrupt's estate or a trustee.

■ Womack's position cannot be adopted. Rule 219 provides for a procedure to handle claims against the bankrupt's estate for services rendered therein. The fee at issue here is not a claim against the estate; it is a part of a debt secured by deeds of trust. *Strong v. Efficiency Apartment Corp.,* 159 Tenn. 337, 346, 17 S.W.2d 1, 3 (1929).

In *Clem v. Johnson,* 185 F.2d 1011 (8th Cir. 1950), *cert. denied,* 341 U.S. 909, 71 S.Ct. 622, 95 L.Ed. 1346 (1951), the court

held that a secured creditor need not file proof of claim in order to rely upon and to enforce his mortgage. That holding is analogous to the case at bar. Since the claim for attorney's fees is a secured claim Guaranty Mortgage does not have to look to the bankrupt's estate for collection, but can collect from the security outside of the estate. This holding also reflects the language of § 62(d) of the Bankruptcy Act, 11 U.S.C. § 102(d), which is the statutory foundation for Rule 219:

> (d) A receiver or trustee or the attorney for any of them, or any other attorney, seeking compensation for services rendered by him in a proceeding under this title or in connection with such proceeding, shall file with the court his petition . . . .

■ Here there is no attorney seeking compensation from the estate for services rendered; the issue here is the amount owed on a contract of indemnity secured by a deed of trust which in legal effect is a mortgage.

An analogous situation was resolved in identical manner in *In Re Schafer's Bakeries,* 155 F.Supp. 902 (E.D.Mich.1957). There a secured creditor was seeking in a Chapter X reorganization proceeding to enforce a contractual indemnity provision to pay attorney's fees, secured by various mortgages. The Unsecured Creditors' Committee insisted that any such claim would have to be treated under § 243 of the Bankruptcy Act, 11 U.S.C. § 643, which provides for creditor and stockholder attorney's fees and expenses to be paid from the estate. The court stated (155 F.Supp. at 910):

> The Committee argues that § 243 is the sole authority for allowances to all creditors, both secured and unsecured, as to attorneys' fees and expenses incurred in a Chapter X proceeding and, as authority for such contention, cites a number of cases . . . . .
>
> These cases are not in point. None of them involve a contractual lien claim of a secured creditor for attorneys' fees and expenses. All involve

application of § 243 to situations where an order is requested authorizing payment for attorneys' services rendered to a creditor in the course of a Chapter X proceeding and alleged to be a part of the administration of the estate. This is not the problem in the instant case. Woodward admits that it has no basis for a claim under § 243, but rather contends that such fees and expenses comprise a contractual debt which may be claimed entirely apart from the provisions of § 243.

The court then held that § 243 does not govern the validity or enforceability of a lien to secure attorney's fees. The court then stated (155 F.Supp. at 912):

> However, this court will in the exercise of its powers determine in a proper proceeding what expenses were properly incurred and what amount constitutes a reasonable fee for such services.

■ In holding that Rule 219 and § 62 of the Bankruptcy Act do not apply to this case, we also hold that the tests of reasonableness of the fee are not to be found in bankruptcy precedents. Such factors as "the 'economic spirit' of the Bankruptcy Act to curtail unnecessary expenses" [*In Re Paramount Merrick, Inc.,* 252 F.2d 482, 485 (2d Cir. 1958)], the benefit to the debtor's estate [*In Re Watco Corp.,* 95 F.2d 249, 252 (7th Cir. 1938), and *In Re Wellborn,* 80 F.Supp. 552, 554 (M.D.Tenn.1948)], the "conservation of the estate and the interests of creditors" [Rule 219(c)(1)] are not to be considered in determining the reasonableness of the fee. Such factors are used to *set* a reasonable fee to be paid by a bankrupt's estate. They are not applicable in reviewing a fee charged to a client by an attorney, for which an estate is responsible by way of indemnity.

■ In this situation, the fact that the mortgagor has filed a bankruptcy petition does not affect the reasonableness of a fee charged by an attorney to foreclose under a deed of trust which secures the payment of such fee as well

as a debt. This conclusion follows from the principle that a creditor can collect in full a secured claim out of his security if the security is sufficient to cover it, and bankruptcy does not affect the claim to the extent that it is collected by sale of the collateral. *In Re Macomb Trailer Coach, Inc.,* 200 F.2d 611, 613 (6th Cir. 1952), *cert. denied, McInnis v. Weeks,* 345 U.S. 958, 73 S.Ct. 940, 97 L.Ed. 1378 (1953).

The proper test for determining the reasonableness of attorney's fees in this case is found in *Quaker Oats Co. v. Burnett,* 289 F.Supp. 283, 286–87 (E.D.Tenn. 1968), which discusses extensively the factors to be considered in reviewing a fee charged to recover on a note in Tennessee, which note provided for indemnification as to such fee by the debtor.

On remand the Bankruptcy Court must hear evidence as to what expenses and legal fees actually were incurred and paid by Guaranty Mortgage. In *LeLaurin v. Frost Nat'l Bank of San Antonio,* 391 F.2d 687, 690 (5th Cir.), *cert. denied,* 393 U.S. 979, 89 S.Ct. 447, 21 L.Ed.2d 440 (1968), the Court said:

> The contract being in the nature of a contract of indemnity, the Bank cannot be permitted to make a profit to itself by stipulating for a larger fee or having included in its allowed claim a larger amount than the reasonable attorney's fee it will have to pay.

*Quaker Oats, supra,* 289 F.Supp. at 287 n. 10:

> If no legal expense was incurred as a result of the default of the debtor, no recovery can be had under an agreement for attorneys' fees.

After determining what expenses were incurred the Court must then determine whether the charges were reasonable. If the charges proven are found to be reasonable the Court will deduct those charges from the $86,235.99 surplus and will order the amount of the difference to be paid to the trustee in bankruptcy.