United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 16, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

----------------------

No. 06-10691
Summary Calendar

----------------------

In The Matter Of: JUANITA GARZA

                    Debtor
-------------------------------

JUANITA GARZA

                    Appellant

     v.

JD FOODS INC

                    Appellee

-------------------------------------------------
Appeal from the United States District Court
for the Northern District of Texas, Fort Worth
No. 4:05-CV-694
-------------------------------------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:*

     On July 28, 2004, appellant Juanita Garza filed a voluntary

petition under Chapter 13 of the Bankruptcy Code.  On September

2, 2004, appellee J.D. Foods, Inc. filed a motion asking the

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

bankruptcy court to lift the automatic stay so that it could liquidate its claim against the debtor by obtaining a judgment in pending state-court litigation.  The debtor did not oppose the motion, and it was granted on September 8, 2004.  The state court entered a judgment against the debtor in the amount of $62,105.82 on October 4, 2004.  The bar date for filing proofs of claim was November 24, 2004, but J.D. Foods did not file a claim until December 17, 2004.  On May 19, 2005, the debtor objected to the claim on the sole basis that it was not timely filed under 11 U.S.C. § 502(b)(9).[1]  J.D. Foods responded by filing a motion to allow the claim as a timely filed informal claim and to permit amendment of the informally filed claim, arguing that the agreed motion for relief from the stay constituted an informal proof of claim that was timely filed and could be amended by a subsequent formal proof of claim.  The bankruptcy court agreed and granted the motion.  The debtor appealed, and the district court affirmed the bankruptcy court's order.  The debtor appeals yet again.

The only issue on appeal is whether 11 U.S.C. § 502(b)(9), as amended by the Bankruptcy Reform Act of 1994, and FED. BANKR. R. 3001(a), 3002(b), and 3002(c), abrogated the doctrine of informal proofs of claim.  As the district court correctly described it:

---

[1]  According to J.D. Foods' appellate brief, the debtor stipulated that she had sufficient non-exempt assets to pay all claims, including J.D. Foods' claim, in full.

2

> An informal proof of claim permits a bankruptcy court to treat the pre-bar date filings of a creditor as an informal proof of claim that can be amended after the bar date to conform with, _inter alia_, the requirements of Rule 3001(a) of the Federal Rules of Bankruptcy Procedure. _See, e.g._, _Barlow v. Waterman & Associates, Inc._ (_In re Waterman & Associates, Inc._), 227 F.3d 604, 608 (6th Cir. 2000). The idea of informal proof of claims has been in existence for nearly a century. _Id._ (citations omitted).

The debtor's argument that the Bankruptcy Reform Act of 1994 somehow abrogated the informal proof of claim is wholly unsupported by any citation to authority. As the district court noted, subsequent to the adoption of the Bankruptcy Reform Act of 1994, this court specifically upheld the existence and validity of informally filed proofs of claims. _See_ _Nikoloutsos v. Nikoloutsos_ (_In re Nikoloutsos_), 199 F.3d 233, 236-37 (5th Cir. 2000). The Sixth Circuit's decision in _In re Waterman_, cited in the district court's opinion, addressed the specific argument that the debtor makes here and summarily rejected it. _See_ _Barlow v. M.J. Waterman & Assocs._ (_In re M.J. Waterman & Assocs._), 227 F.3d 604, 608 n.4 (6th Cir. 2000) ("To the extent Waterman maintains that the informal proof of claims doctrine has been invalidated by the Bankruptcy Reform Act of 1994 (the '1994 Act'), we summarily dispense with this claim. . . . [T]here are numerous cases throughout the country which have allowed informal claims . . . even after the enactment of the 1994 Act. [And] Waterman has failed to cite a single case in which § 502(b)(9) of

3

the 1994 Act has been employed to bar informal claims.  We find that the informal proof of claims doctrine is still very much alive." (citations omitted)).  We agree and reject the debtor's argument.

The judgment of the district court affirming the order of the bankruptcy court is AFFIRMED.